IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KALIM A. BHATTI,** | Civil No. 1:18-cv-2178 |
| **Plaintiff,** | |
| v. | |
| **REPUBLICAN CAUCUS OF THE PENNSYLVANIA HOUSE OF REPRESENTATIVES, et al.,** | |
| **Defendants.** | **Judge Sylvia H. Rambo** |

### M E M O R A N D U M

Presently before the court is Defendants' – the Republican Caucus of the Pennsylvania House of Representatives ("the Caucus"), Jennifer L. Jones ("Jones"), John Dille ("Dille"), and Stephen Miskin ("Miskin"), each in their individual and official capacities (collectively, "individual Defendants") – motion to dismiss Plaintiff Kalim A. Bhatti's complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted under Federal Rules of Civil Procedure 12(b)(1) and (6). (Doc. 5.) For the reasons that follow, the court will grant Defendants' motion to dismiss.

## I. Background

The following facts are gleaned from Plaintiff's complaint and are taken as true for purposes of disposing of Defendants' motion to dismiss. Plaintiff immigrated from Kenya to the United States as a child, growing up in Harrisburg, Pennsylvania, and adheres to the Islamic faith. (Doc. 1, ¶¶ 12, 21.) He was employed

1

by the Caucus as a "Communications Specialist 1 – Photographer" from April 1998 through April 30, 2018. (*Id.* ¶¶ 14, 33.) Throughout his employment, Plaintiff's immediate supervisor was Jones, the Photo Manager in the Multi-Media Department. (*Id.* ¶ 15.) Jones was supervised by Dille, the Video Department Supervisor, and Dille reported to Miskin, the Caucus Communications Supervisor. (*Id.* ¶ 16.) The House Majority Leader supervised Miskin. (*Id.*)

Plaintiff alleges numerous instances of discriminatory or otherwise offensive behavior in his complaint. Plaintiff states that Jones and others accused him of being a terrorist on September 11, 2001 because of his race, color, religion, and national origin. (*Id.* ¶ 19.) Since 2008, Miskin and the Caucus have expressed a preference for the Christian faith. (*Id.* ¶ 26.) In approximately 2013, Plaintiff was periodically and deliberately interrupted during his daily prayer time. (*Id.* ¶ 21.) He was denied a pay raise in 2013 after he began observing his prayer regimen. (*Id.* ¶ 22.) In 2014, he received a positive review and was promised a salary increase, but never received that increase. (*Id.* ¶ 23.) He was also mistreated by Miskin following a discussion about then-Pennsylvania Governor Tom Corbett. (*Id.* ¶ 24.)

In 2016, Plaintiff received disciplinary counseling because of several instances in which Plaintiff missed, was late to, or left before the end of an assigned event. (*Id.* ¶ 27.) Plaintiff attempted to submit a response to the disciplinary action but was not permitted to do so. (*Id.*) In February 2018, following repeated requests

for a salary increase, Plaintiff received a negative performance evaluation. (*Id.* ¶ 30.) A second negative employee performance evaluation was signed by Dille on April 16, 2018, which Plaintiff refused to sign. (*Id.* ¶ 31.) On April 30, 2018, Plaintiff was summoned to the Caucus's Human Resources Department at which point his employment was terminated. (*Id.* ¶¶ 33-34.) Plaintiff alleges Defendants committed post-employment retaliation including opposing his request for unemployment compensation, and that he has been unable to secure suitable employment. (*Id.* ¶¶ 37, 43, 62-63.)

Plaintiff subsequently filed a charge with the Equal Employment Opportunity Commission ("EEOC") on August 9, 2018, and received a right to sue letter dated August 13, 2018. (*Id.* ¶¶ 44-45.) On November 9, 2018, Plaintiff initiated this action via an eight-count complaint. (Doc. 1.) Therein, Plaintiff sets forth the following claims: discrimination on the basis of his race, color, religion, age, and national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 ("Title VII") (Count I); post-employment retaliation in violation of Title VII (Count II); retaliation for exercising his rights to free speech and religion in violation of 42 U.S.C. § 1983 ("Section 1983") (Count III); discrimination in violation of 42 U.S.C. § 1981 ("Section 1981") (Count IV); civil conspiracy (Count V); firing contrary to public policy (Count VI); false light (Count VII); and negligent

supervision (Count VIII). Thereafter, Defendants filed a motion to dismiss which has been fully briefed and is ripe for disposition. (Docs. 5, 8, 9.)

**II.　Legal Standard**

Defendant seeks dismissal of Plaintiff's complaint under Rule 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted. Under Rule 12(b)(1), the court must dismiss any action over which it "lack[s] subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "Challenges to subject matter jurisdiction under Rule 12(b)(1) may be 'facial' or 'factual.'" *Lee v. Reynolds*, No. 13-cv-2604, 2014 WL 2195403, *1 (M.D. Pa. May 27, 2014) (quoting *Turicentro v. Am. Airlines*, 303 F.3d 293, 300 n.4 (3d Cir. 2002)). "Where subject matter jurisdiction 'in fact' is challenged, the trial court's very power to hear the case is at issue, and the court is therefore 'free to weigh the evidence and satisfy itself as to the power to hear the case," *id.* (quoting *Mortensen v. First Fed. Sav. & Loan Assoc.*, 549 F.2d 884, 891 (3d Cir. 1977)), and need not accord a plaintiff's allegations with any presumption of truth, *Turicentro*, 303 F.3d at 300 n.4.

A motion to dismiss pursuant to Rule 12(b)(6), on the other hand, tests the sufficiency of the complaint against the pleading requirements of Rule 8(a), which requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to survive dismissal it "must contain sufficient factual matter, accepted as true, to 'state

4

a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *United States v. Pennsylvania*, 110 F. Supp. 3d 544, 548 (M.D. Pa. 2015) (quoting *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012)); *see also* Fed. R. Civ. P. 12(b)(6).

### III. Discussion

Defendants raise the following arguments in support of dismissal of Plaintiff's complaint: (1) discrimination based upon alleged acts that occurred prior to October 13, 2017 are time-barred;[1] (2) Plaintiff failed to exhaust his administrative remedies with respect to his post-employment retaliation claims; (3) Plaintiff does not plead a cognizable First Amendment retaliation claim; (4) Plaintiff cannot maintain a Section 1981 claim against Defendants; and (5) Plaintiff's Pennsylvania tort claims

---

[1] As to Count I, Defendants argue that any alleged discriminatory acts that occurred prior to October 13, 2017 (300 days before the filing of the EEOC charge) are time-barred. (Doc. 8, pp. 12-13 of 34 (citing *Pizio v. HTMT Glob. Sols.*, 555 F. App'x 169, 173 (3d Cir. 2014).) Plaintiff concedes this point and notes that these alleged instances of discrimination are provided to "demonstrate Defendants' system, motive and intent." (Doc. 9-1, p. 8 of 22.) Thus, Defendants' motion is granted regarding Count I as to any alleged discriminatory acts that occurred prior to October 13, 2017, with prejudice. However, the court will not strike any portion of Plaintiff's complaint as he is entitled to plead background information as his counsel deems appropriate.

are barred by sovereign immunity or, alternatively, improperly pled. The court will address each argument in turn.

## A.   **Exhaustion of administrative remedies**

Defendants argue that Plaintiff failed to exhaust his administrative remedies because his post-employment retaliation claims are not within the scope of the August 9, 2018 EEOC charge. (Doc. 8, pp. 13-15 of 34.) Plaintiff rebuts this by purportedly quoting from *Stezzi v. Citizens Bank of Pennsylvania*, No. 10-4333, 2013 WL 1234178 (E.D. Pa. Mar. 27, 2013.)[2]

Prior to filing a complaint, a plaintiff alleging discrimination must exhaust his or her administrative remedies by filing a charge with the EEOC. *Williams v. E. Orange Cmty. Charter Sch.*, 396 F. App'x 895, 897 (3d Cir. 2010) (citations omitted). The lawsuit is "limited to claims that are within the scope of the initial administrative charge." *Id.* (citing *Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996)). EEOC charges are provided a "fairly liberal construction," and "the failure to check a particular box on an EEOC charge . . . is not necessarily indicative of a failure to exhaust the mandatory administrative remedies." *Lowenstein v. Catholic Health E.*, 820 F. Supp. 2d 639, 644 (E.D. Pa. 2011) (quoting *Schouten v. CSX*

---

[2] Plaintiff does not provide a proper citation to *Stezzi* in his complaint or brief in opposition to the motion to dismiss. Further, the court cannot attribute the quoted language to *Stezzi* as it does not appear in the opinion, nor can it discern a rational reason for Plaintiff's reliance on this case. It is the court's belief that Plaintiff is quoting a portion of Title VII of the Civil Rights Act of 1964 codified as 42 U.S.C. § 2000e-3(a).

6

*Transp., Inc.*, 58 F. Supp. 2d 614, 616 (E.D. Pa. 1999)). "[T]he purpose of the filing requirement is to enable the EEOC to investigate and, if cause is found, to attempt to use informal means to reach a settlement of the dispute." *Anjelino v. N.Y. Times Co.*, 200 F.3d 73, 94 (3d Cir. 1999) (citing *Hicks v. ABT Assocs., Inc.*, 572 F.2d 960, 963 (3d Cir. 1978)).

Plaintiff's EEOC charge was filed on August 9, 2018, over three months after Plaintiff's employment was terminated. The "particulars" section of the charge makes no mention of post-employment retaliation. Instead, Plaintiff stated the last day of discrimination took place on April 30, 2018 (the day he was fired), and he did not check the "continuing action" box. (*See* Doc. 8-1, p. 1 of 2.) While this court must liberally construe the EEOC charge, Plaintiff did not provide any information to alert the EEOC to investigate his post-employment retaliation claim. The court thus finds that Plaintiff did not exhaust his administrative remedies pertaining to his post-employment retaliation claim (Count II), and will grant Defendants' motion to dismiss with prejudice in this regard.

### B. First Amendment retaliation

In Count III of Plaintiff's complaint, he sets forth a First Amendment retaliation claim pursuant to Section 1983 stating that by firing Plaintiff, "Defendants have abridged his First Amendment rights to the free exercise of religion and his right of free speech." (Doc. 1, ¶ 66.) Defendants argue that Plaintiff

failed to identify the specific, alleged protected activity he engaged in and the retaliatory action allegedly taken by Defendants, and that his claim is time-barred. (Doc. 8, pp. 15-18.)

To establish a prima facie case of retaliation under the First Amendment, the plaintiff must show that he engaged in activity that is protected by the First Amendment, and that the protected activity was a substantial factor in the adverse employment action. *Gorum v. Sessoms*, 561 F.3d 179, 184 (3d Cir. 2009); *Hill v. Borough of Kutztown*, 455 F.3d 225, 241 (3d Cir. 2006). If the plaintiff makes this prima facie showing, the burden then shifts to the employer to show "that the same adverse action would have taken place in the absence of the protected conduct." *Hill v. City of Scranton*, 411 F.3d 118, 127 (3d Cir. 2005). The first factor is a question of law; the second and third factors are typically factual questions for a jury. *Id.* However, these questions are properly reserved for the jury only where "*genuine* questions of fact" remain unresolved. *Id.* (emphasis in original).

Plaintiff's Section 1983 First Amendment retaliation claim is governed by Pennsylvania's two-year statute of limitations for personal injury actions. *Roseberry v. City of Phila.*, No. 14-cv-2814, 2016 WL 826825, at *7 (E.D. Pa. Mar. 3, 2016), *aff'd*, 716 F. App'x 89 (3d Cir. 2017) (applying Pennsylvania's two-year statute of limitations to the First Amendment retaliation claim). Here, Plaintiff does not plead any activity that could be conceived as protected speech or activity under the First

8

Amendment within two years of his firing. He outlines a purported distain by Defendants for those following the Muslim faith prior to 2016, but even if those facts fell within the two-year statute of limitations, Plaintiff still provides insufficient facts that state a claim for relief. Accordingly, Count III of Plaintiff's complaint for First Amendment retaliation will be dismissed without prejudice.

### C. <u>Section 1981</u>

Count IV of Plaintiff's complaint sets forth a discrimination claim under 42 U.S.C. § 1981. Defendants argue that Section 1981 does not create a private cause of action against state actors and, therefore, the claim must be dismissed. (Doc. 8, pp. 18-19 of 34.) Plaintiff does not appear to quibble with this argument as applied to the Caucus, however, Plaintiff argues that the individual Defendants are still subject to his Section 1981 claim. (Doc. 9-1, p. 13-14 of 22.)

The Third Circuit has held that "the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units." *McGovern v. City of Phila.*, 554 F.3d 114, 121 (3d Cir. 2009) (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989)). The Caucus, a division of the Pennsylvania Legislature and Commonwealth of Pennsylvania, is a state actor, thus, Plaintiff cannot maintain a Section 1981 claim against it. *See Precision Mktg. v. Commonwealth*, 78 A.3d 667 (Pa. Commw. Ct. 2013).

Regarding Jones, Dille, and Miskin, official-capacity lawsuits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (citations omitted). Accordingly, Plaintiff's Section 1981 claim fails against Jones, Dille, and Miskin in their official capacities as it is akin to suing the Caucus. *See id.* at 166. As to Jones, Dille, and Miskin in their individual capacities, courts generally have rejected the argument that a Section 1981 claim survives by suing state actors in their individual capacities and have interpreted *Jett v. Dallas Independent School District*, 491 U.S. 701, 733 (1989), and its progeny to bar claims against state actors in their individual capacities. *Quintana v. City of Phila.*, No. 17-cv-996, 2017 WL 3116265, at *10 (E.D. Pa. July 21, 2017). Accordingly, Plaintiff also cannot pursue a Section 1981 claim against Jones, Dille, and Miskin in their individual or official capacities. For these reasons, the court will grant Defendants' motion to dismiss Count IV with prejudice.

### D. Sovereign Immunity

In Counts V through VIII, Plaintiff asserts Pennsylvania tort claims for conspiracy (Count V), firing contrary to public policy (Count VI), false light (Count VII), and negligent supervision (Count VIII). Defendants argue that all four claims are barred by sovereign immunity and, alternatively, that Plaintiff fails to state a claim upon which relief may be granted. Plaintiff submits that determining the

10

applicability of sovereign immunity is better suited for after discovery and that he has appropriately set forth tort claims against Defendants.

The doctrine of sovereign immunity, codified at 1 Pa. Cons. Stat. Ann. § 2310, was enacted to shield the Commonwealth, its officials and employees from civil liability for torts, including intentional torts, committed within the scope of their duties. *DeGroat v. Cavallaro*, No. 16-cv-1186, 2017 WL 2152376, at *4 (M.D. Pa. May 17, 2017) (internal quotations and citations omitted). Sovereign immunity applies even when a plaintiff requests damages against Commonwealth employees in their individual capacity. *Id.* (quoting *Jackson v. Nassan*, No. 08-cv-1054, 2009 WL 2707447, at *6 (W.D. Pa. Aug. 26, 2009)). The General Assembly specifically waived immunity for nine enumerated statutory exceptions, none of which apply in this case.[3] Furthermore, sovereign immunity does not shield an individual whose conduct falls outside the scope of the employee's employment. *Viera v. Wenerowicz*, No. 10-cv-1717, 2011 WL 3584769, at *5 (M.D. Pa. Aug. 15, 2011) (citing *Johnson v. Townsend*, 314 F. App'x 436, 439 (3d Cir. 2008)). An action falls within the scope of employment if it: "(1) is the kind that the employee is employed to perform; (2) occurs substantially within the job's authorized time and space limits; (3) is

---

[3] Sovereign immunity is not a valid defense in certain situations involving negligence of a Commonwealth official or employee caused by: (1) vehicle liability; (2) medical-professional liability; (3) care, custody, or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes or other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. 42 Pa. Cons. Stat. Ann. § 8522(b).

motivated at least in part by a desire to serve the employer; and (4) if force was used by the employee against another, the use of force is not unexpectable by the employer." *Id.* at *6 (citing Restatement (Second) of Agency § 228; *Brumfield v. Sanders*, 232 F.3d 376, 380 (3d Cir. 2000)).

### 1. Civil conspiracy

Although tenuous, the court agrees with Plaintiff that—at this early state of the case, taking the facts in the complaint as true, and viewing them in a light most favorable to Plaintiff—it cannot find as a matter of law that Defendants were acting within the scope of their employment, thus, awarding sovereign immunity is premature. *See Viera*, 2011 WL 3584769 at *6. Therefore, the court will evaluate whether Plaintiff has properly pled a claim for civil conspiracy.

To be successful under Pennsylvania law for a civil conspiracy claim, "[i]t must be shown that two or more persons combined or agreed with intent to do an unlawful act or to do an otherwise lawful act by unlawful means." *Grose v. Proctor & Gamble Paper Prods.*, 866 A.2d 437, 440 (Pa. Super. Ct. 2005) (internal quotations and citations omitted). An essential element is proof of malice, *i.e.* "an intent to injure" without justification. *Id.* at 440-41. Further, "a conspiracy is not actionable until 'some overt act is done in pursuance of the common purpose or design . . . and actual legal damage results." *Id.* (citations omitted). However, "a single entity cannot conspire with itself and, similarly, agents of a single entity

12

cannot conspire among themselves." *Id.* at 441 (quoting *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 472 (Pa. 1979)); *see also Wells v. Thomas*, 569 F. Supp. 426, 436 (E.D. Pa. 1983) ("the 'combination of persons' who would have conspired to interfere with plaintiff's existing or prospective business relationships were all employees of [defendant]. As such, defendants are 'agents of a single corporation' who cannot conspire among themselves."); *Connearney v. Main Line Hosps., Inc.*, No. 15-2730, 2015 WL 9302912, at *5 (E.D. Pa. Dec. 22, 2015) (holding that plaintiff's civil conspiracy claim failed, and amendment would be futile, because defendant company and individual defendants were all part of the same entity).

Here, Plaintiff alleges the Caucus provided "cover" for Jones, Dille, and Miskin to conspire to fire Plaintiff. Because Defendants are all part of the same entity, Plaintiff cannot sustain a civil conspiracy claim against them and any amendment would be futile. Thus, the court will grant Defendants' motion to dismiss Count V with prejudice.

### 2. Firing contrary to public policy

Count VI of Plaintiff's complaint sets forth a claim for firing contrary to public policy, *i.e.* wrongful discharge in violation of public policy. The Pennsylvania Commonwealth Court has held that sovereign immunity precludes a wrongful discharge claim against the Commonwealth even if public policy was threatened. *McNichols v. Commonwealth*, 804 A.2d 1264, 1267 (Pa. Commw. Ct. 2002).

Accordingly, the Caucus is granted sovereign immunity for Plaintiff's wrongful discharge claim.

As to Jones, Dille, and Miskin, wrongful termination claims only exist against an employee's employer, *i.e.* the Caucus. *McGuire v. Palmerton Hosp.*, No. 3:12-cv-1762, 2012 WL 5494924, at *5 (M.D. Pa. Nov. 13, 2012) (citing *Hrosik v. Latrobe Steel Co.*, No. 94-1361, 1995 WL 456212, at *6 (W.D. Pa. Apr. 25, 1995); *Clark v. Pennsylvania*, 885 F. Supp. 694, 714 (E.D. Pa. 1995)). Thus, Plaintiff's claim against the individual Defendants will also be dismissed with prejudice.

### 3. False light

Plaintiff sets forth a claim for false light in Count VII of his complaint. Again, the court agrees with Plaintiff that it is premature to award sovereign immunity to Defendants as it cannot be determined at this time if they were acting within the scope of their employment. *See Viera*, 2011 WL 3584769 at *6. Thus, the court will evaluate Plaintiff's claim to determine whether it was properly pled.

Pennsylvania has adopted the Restatement (Second) of Torts' definition of false light:

> One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if
> (a) the false light in which the other was placed would be highly offensive to a reasonable person, and

> (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

*Parks Miller v. Cantorna*, No. 4:15-cv-1754, 2016 WL 2752633, at *8 (M.D. Pa. May 11, 2016) (quoting Restatement (Second) of Torts § 652E). The basis of Plaintiff's false light claim is that Defendants placed him "in a false light by their having him escorted publicly out of the Capitol in a fashion that was highly offensive and done maliciously, with knowledge of what the reaction would be of those who witnessed it." (Doc. 1, ¶ 91.) This alone is insufficient to sustain a claim for false light, as several courts have held that being escorted from an employer's premises in the presence of others is insufficient to establish a claim for false light. *See Woodward v. ViroPharma Inc.*, No. 3222 EDA 2011, 2013 WL 1485110, at *6 (Pa. Super. Ct. Apr. 3, 2013) ("False conclusions about what observers might think or assume about the circumstances of appellants' removal from ViroPharma's facility are not equivalent to false light claims."); *Smith v. Bell Atl. Network Servs., Inc.*, No. 94-1605, 1995 WL 389697, at *4 (E.D. Pa. June 28, 1995) (dismissing a false light claim in which the plaintiff alleged that she was escorted out of the building and the defendants did not publicize the "true reasons" for her demotion). Accordingly, the court will dismiss Count VII of Plaintiff's complaint without prejudice.

### 4. Negligent supervision

The final count of Plaintiff's complaint sets forth a claim for negligent supervision against the Caucus. Because negligent supervision is not one of the enumerated exceptions and the Caucus has not waived sovereign immunity, the court finds that the Caucus is entitled to sovereign immunity for Plaintiff's negligent supervision claim. *See Davis v. Corizon Health, Inc.*, No. 14-1490, 2015 WL 518263, at *3 (E.D. Pa. Feb. 9, 2015) (dismissing negligent supervision claim against Commonwealth defendants because sovereign immunity applied) (citing 42 Pa. Cons. Stat. § 8522; *Clark v. Se. Pa. Transp. Auth.*, 691 A.2d 988, 992 (Pa. Commw. Ct. 1997)). Thus, this claim will be dismissed with prejudice.

## IV. Conclusion

For the reasons stated herein, the court will grant Defendants' motion to dismiss. An appropriate order will issue.

                                                  s/Sylvia Rambo
                                                  SYLVIA H. RAMBO
                                                  United States District Judge

Dated: October 1, 2019