# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KALIM A. BHATTI,               :
         Plaintiff            :
                          :
     v.                       :      NO. 1:18-cv-02178-SHR
                          :
REPUBLICAN CAUCUS OF THE    :
PENNSYLVANIA HOUSE OF        :
REPRESENTATIVES, et. al.         :
                          :
         Defendants       :      JURY TRIAL DEMANDED

---

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO RULES 12(b)(1) and 12(b)(6)

---

Adam L. Santucci
PA ID No. 307058
Micah T. Saul
PA ID No. 307236
McNEES WALLACE & NURICK LLC
100 Pine Street, P.O. Box 1166
Harrisburg, PA  17108
(717) 232-8000

*Attorneys for the Caucus and Jennifer L. Jones, John Dille & Stephen Miskin*

# **TABLE OF CONTENTS**

Page

TABLE OF CITATIONS ............................................................. ii

I.   PROCEDURAL HISTORY OF THE CASE ............................... 1

II.  FACTS ALLEGED IN PLAINTIFF'S COMPLAINT ................... 3

III. STATEMENT OF THE QUESTIONS INVOLVED .................... 4

IV.  ARGUMENT .............................................................. 5

    A.   COUNT I OF THE AMNEDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED ...................................................... 7

    B.   COUNT II OF THE AMNEDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED ................................................... 10

    C.   COUNT III OF THE AMNEDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED ................................................... 14

    D.   COUNT IV OF THE AMNEDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED ................................................... 15

V.   CONCLUSION .......................................................... 17

# TABLE OF CITATIONS

Cases:                                                                          Page

Amtrak v. Morgan, 536 U.S. 101 (2002)......................................................8

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ..................................................6, 13

Benak v. Alliance Capital Mgmt. L.P., 435 F.3d 396 (3d Cir. 2006)............6

Betz v. Temple Health Sys., 659 Fed. Appx. 137 (3rd Cir. 2016) ................7

Constitution Party of Pa. v. Aichele, 757 F.3d 347 (3d Cir. 2014)...............5

Curay-Cramer v. Ursuline Acad. of Wilmington, Delaware, Inc.,
    450 F.3d 130 (3d Cir. 2006)..................................................................9

Dubose v. Quinlan, 173 A.3d 634 (Pa. 2017)...........................................12

Lake v. Arnold, 232 F.3d 360 (3d Cir. 2000) ..............................................6

Massarsky v. General Motors Corp., 706 F.2d 111 (3d Cir. 1983) .............6

Napier v. Thirty or More Unidentified Federal Agents, etc.,
    855 F.2d 1080 (3d Cir. 1988)..............................................................11

O'Connor v. City of Newark, 440 F.3d 125 (3d Cir. 2006) ..........................8

Parratt v. Taylor, 451 U.S. 527 (1981) ......................................................11

Rizzo v. Goode, 423 US 362 (1976) ..........................................................11

Robinson v. City of Pittsburgh, 120 F.3d 1286 (3rd Cir. 1997) ..................11

Schutt v. Melmark, Inc., 2017 U.S. Dist. LEXIS 61885 (E.D. Pa.
    2017) .....................................................................................................6

Smith v. Bell Atl. Network Servs., Inc., No. 94-1605,
    1995 WL 389697 (E.D. Pa. June 28, 1995) ................................16, 17

<u>Cases</u>:  (cont'd)                                                                                        <u>Page</u>

Suber v. Guinta, 902 F. Supp. 2d. 591 (E.D. Pa. 2012) ...........................11

Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989)................. 11, 13

Woodward v. ViroPharma, Inc., No. 3222 EDA 2011,
    2013 WL 1485110 (Pa. Super. Ct. Apr. 3, 2013)....................... 15, 17


<u>Statutes</u>:

Civil Rights Act of 1866,
    42 U.S.C. §1981 ............................................................................2, 3


<u>Rules</u>

Federal Rules of Civil Procedure 12(b)(1)...........................................1, 18
                                12(b)(6) ............................. 1, 5, 7, 13, 18
                                15(a)(2) ...................................................6

Defendants, the Republican Caucus of the Pennsylvania House of Representatives ("Caucus"), Jennifer L. Jones, John Dille, and Stephen Miskin, each in their official and personal/individual capacities ("Individual Defendants"), by and through their attorneys, McNees Wallace & Nurick LLC, hereby submit the following Motion to Dismiss Counts I, II, III, and IV of Plaintiff's First Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.[1] In support of their Motion, Defendants file this Brief in Support of Motion to Dismiss Plaintiff's First Amended Complaint.

## I.      PROCEDURAL HISTORY OF THE CASE

The instant is rooted in a Charge of Discrimination ("Charge") filed by Plaintiff against the Caucus with the United States Equal Employment Opportunity Commission ("EEOC") on August 9, 2018.  Therein, he alleged that he was subjected to discrimination and retaliation on the basis of his race, color, religion, national origin, and age. The Charge was dismissed on August 13, 2018 under a no probable cause determination by the EEOC.

---

[1] Defendants are cognizant that the Court has previously held that it is premature to determine whether sovereign immunity is available to Defendants on Plaintiff's remaining claims.  However, Defendants hereby assert sovereign immunity as to the Amended Complaint as a prophylactic measure to preclude any future claim of waiver by Plaintiff.

Upon dismissal of his Charge, Plaintiff commenced the instant action on November 9, 2018, by filing a Complaint in the United States District Court for the Middle District of Pennsylvania (the "Complaint"), averring several federal and state law claims.  Those claims included (I) violation of Title VII of the Civil Rights Act of 1964 (asserted against the Caucus only); (II) post-employment retaliation under Title VII of the Civil Rights Act of 1964 (asserted against the Caucus only); (III) violation of Plaintiff's First Amendment Rights under the United States Constitution and Section 1983 of the Civil Rights Act of 1866 [sic]; (IV) violation of the Civil Rights Act of 1866, 42 U.S.C. §1981; (V) conspiracy to violate civil rights; (VI) firing contrary to public policy; (VII) the tort of false light; and (VIII) negligent supervision of named Defendants (asserted against the Caucus only). (Doc. 1).

Defendants filed a Motion to Dismiss the entirety of Plaintiff's Complaint on or about January 15, 2019.  This Honorable Court granted that motion in large part, dismissing with prejudice the pre-October 2017 claims in Count I and Counts II, IV, V, VI, and VIII.  (Docs. 12 and 13).  The Court dismissed Counts III and VII without prejudice and granted Plaintiff leave to amend his Complaint in conformity with the Court's Order.  (Doc. 13).

Plaintiff filed his First Amended Complaint on or about October 14, 2019 alleging the following causes of action against the Caucus and individual Defendants: (I) violation of Title VII of the Civil Rights Act of 1964 (asserted against the Caucus only); (II) violation of Plaintiff's First Amendment Rights under the United States Constitution and Section 1983 of the Civil Rights Act of 1866 [sic] (asserted against all Defendants); (III) violation of the Civil Rights Act of 1866, 42 U.S.C. §1981 (asserted against all Defendants); and (IV) the tort of false light (asserted against all Defendants). (Doc. 14).

On October 28, 2019, the Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint in its entirety, and file the instant brief in support thereof.

## II.   FACTS ALLEGED IN PLAINTIFF'S COMPLAINT[2]

Plaintiff was employed by the Caucus on an at-will basis as a Communications Specialist 1 – Photographer from April of 1998 through April 30, 2018.  (Doc. 1, ¶14, 33).  He claims that during his employment with the Caucus: he was accused of being a terrorist on September 11,

---

[2] For purposes of this Motion and the accompanying Brief only, the Defendants will treat as true all well-pleaded facts in Plaintiff's Complaint. The Defendants do not admit any of Plaintiff's allegations and reserve the right to challenge the veracity of any or all of Plaintiff's allegations in any subsequent pleading in this action. In all events, the Defendants deny that Plaintiff is entitled to the relief sought in the Complaint.

2001 because of his race, color, religion and national origin; prior to 2013, he was interrupted periodically while praying at work; in 2013, he was denied a pay raise; in 2014, he was promised, but never received, a salary increase; he was mistreated by management after a discussion about then-Pennsylvania Governor Tom Corbett[3]; in 2008, various members of the Caucus expressed a preference for the Christian faith; in 2016, he received disciplinary counseling due to attendance issues; and he received negative performance evaluations in February and April 2018 after asking for a pay increase. Plaintiff further alleges that he was terminated from employment on April 30, 2018 and that he was escorted from the building by security after he received notice of his termination.

## III.   STATEMENT OF THE QUESTIONS INVOLVED

    **A.   WHETHER COUNT I OF THE AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED?**

    **Suggested Answer:**  Yes.

    **B.   WHETHER COUNT II OF THE AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED?**

---

[3] Tom Corbett served as Pennsylvania Governor from January of 2011 through January of 2015 and so the acts alleged in this averment could not have occurred later than January 2015, if they occurred at all.

**Suggested Answer:** Yes.

**C.   WHETHER COUNT III OF THE AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED?**

**Suggested Answer:** Yes.

**D.   WHETHER COUNT IV OF THE AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED?**

**Suggested Answer:** Yes.

## IV.   ARGUMENT

Sovereign immunity is a challenge to a Court's subject matter jurisdiction and, therefore, is determined pursuant to Federal Rule of Civil Procedure 12(b)(1). See Constitution Party of Pa. v. Aichele, 757 F.3d 347, 357-58 (3d Cir. 2014). When a defendant asserts that plaintiff's claims are barred by sovereign immunity, it constitutes a facial attack on jurisdiction as opposed to a factual attack.  See Id. at 357-59.  Thus, the Court accepts the allegations in the complaint as true and utilizes the standard for dismissal under Rule 12(b)(6). Id. at 358.

In accordance with Rule 12(b)(6), a complaint must be dismissed where it fails to state a claim upon which relief may be granted.  When ruling on such a motion, the Court must accept as true all well-pleaded

allegations in the complaint and all reasonable inferences that can be drawn therefrom.  Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009).  The Court, however, need not make unwarranted factual inferences or credit "bald assertions" or "legal conclusions."  Id.; see also, Benak v. Alliance Capital Mgmt. L.P., 435 F.3d 396, 400-01 (3d Cir. 2006).

Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." District courts have discretion to deny a plaintiff's request to amend their complaint, however, "if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000).  An amendment of a complaint is futile if "the amendment would not cure the deficiency in the original complaint or if the amended complaint cannot withstand a motion to dismiss." Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983).  Where a court explicitly identifies the deficiencies of the Plaintiff's Complaint and Plaintiff fails to cure those deficiencies in an Amended Complaint, it may be presumed that further amendment is futile.  *See, e.g.*, Schutt v. Melmark, Inc., 2017 U.S. Dist. LEXIS 61885 (E.D. Pa. 2017).

**A.    COUNT I OF THE AMNEDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

Count I should be dismissed pursuant to Rule 12(b)(6) because the Complaint fails to state a claim upon which relief can be granted.  The Amended Complaint alleges that the Caucus created a hostile working environment, discriminated against Plaintiff, and that the Caucus retaliated against Plaintiff for complaining of discrimination.

Other than in the Amended Complaint's statement of facts, Plaintiff does not allege any additional discriminatory acts by the Caucus.  The statement of facts is insufficient to support a Title VII claim for several reasons.

First, The Amended Complaint fails to set forth facts establishing a hostile work environment claim.  To state such a claim, a plaintiff must plead facts sufficient to establish that (1) he suffered intentional discrimination "because of" his protected traits; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected him; (4) the discrimination would have detrimentally affected a reasonable person in the same position; and (5) the existence of respondeat superior liability. Betz v. Temple Health Sys., 659 Fed. Appx. 137 (3rd Cir. 2016).  Hostile work environment claims are different from discrete acts of discrimination,

in that the very nature of hostile work environment claims "involve repeated conduct." Amtrak v. Morgan, 536 U.S. 101, 115 (2002) .

In contrast to hostile work environment claims, "termination, failure to promote, denial of transfer, refusal to hire, wrongful suspension, wrongful discipline, denial of training, [and] wrongful accusation" are discrete acts for which the limitations period begins to run from the date of the act" under Title VII.  O'Connor v. City of Newark, 440 F.3d 125, 127 (3d Cir. 2006).

The Amended Complaint does not state a claim for hostile work environment because Plaintiff fails to allege any conduct on behalf of the Caucus which was repeated or continuing in nature.  At most, he asserts that that he was subjected to discrete events throughout his employment, such as denial of pay raises.[4]  Also fatal to any purported hostile work environment claim is plaintiff's failure to allege that any purported discriminatory conduct detrimentally affected him or that such conduct would similarly affect a reasonable person in his position.  Accordingly, he has not stated a claim for relief under a hostile work environment theory pursuant to Title VII.

---

[4] As discussed further below, he does not aver that these discrete events were based on any Title VII-protected characteristic.

Plaintiff has likewise failed to adequately plead a discrimination claim under Title VII.  Specifically, the Amended Complaint does not aver that any alleged discrete act of discrimination, which occurred within the applicable statute of limitations, was based on any characteristic protected by Title VII.  The Amended Complaint also fails to assert that Plaintiff's termination from employment was predicated upon any protected trait. Because Plaintiff has failed to relate any alleged discrete event of discrimination to a Title VII protected characteristic, the Amended Complaint does not state a claim for relief on a discrimination theory under Title VII.

Finally, Count I of the Amended Complaint should also be dismissed because it fails to state a claim for retaliation under Title VII.  The Third Circuit has recognized that "a general complaint of unfair treatment is insufficient to establish protected activity under Title VII" and "[o]pposition to an illegal employment practice must identify the employer and the practice—if not specifically, at least by context." Curay-Cramer v. Ursuline Acad. of Wilmington, Delaware, Inc., 450 F.3d 130, 135 (3d Cir. 2006).

In the Amended Complaint, Plaintiff fails to plead that he made any more than general complaints of unfair treatment to the Caucus over the years.  This is so because he does not aver that he complained of an

*unlawful* practice either specifically or by context.  At best, Plaintiff claims to have expressed disappointment in unfavorable performance reviews and unrealized pay increases.  However, Plaintiff does *not* assert that any of the actions complained of were the result of unlawful discrimination or that he made any such assertions while making these complaints. Therefore, he cannot claim to have engaged in protected activity under Title VII by virtue of his general complaints to the Caucus.  Thus, the Amended Complaint does not state a claim for retaliation under Title VII.

Accordingly, Count I of Plaintiff's Amended Complaint should be dismissed in its entirety, with prejudice, for failure to state a claim upon which relief may be granted.

**B.   COUNT II OF THE AMNEDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

Count II of the Amended Complaint should also be dismissed in its entirety, with prejudice, for failure to state a claim upon which relief may be granted.   As stated in Defendants' prior Motion to Dismiss, to state a claim for civil rights violation under Section 1983, a plaintiff must show that (1) the conduct complained of was committed by a person acting under the color of state law; and (2) the conduct complained of deprived plaintiff of rights, privileges, or immunities secured by the law or Constitution of the

United States.  <u>Parratt v. Taylor</u>, 451 U.S. 527 (1981).  The Caucus is not subject to liability under Section 1983 "on the operation of respondeat superior."   <u>Suber v. Guinta</u>, 902 F. Supp. 2d. 591 (E.D. Pa. 2012). Furthermore, all Defendants must be personally involved in the alleged wrong in order to be liable to Plaintiff on his Section 1983 claim.  <u>Robinson v. City of Pittsburgh</u>, 120 F.3d 1286, 1294 (3rd Cir. 1997).  The pleading threshold in this regard is clear; *each* named Defendant must be shown through the Amended Complaint's allegations, to have been *personally involved* in the events or occurrences upon which the claim is based. <u>Rizzo v. Goode</u>, 423 US 362 (1976).

Additionally, the Supreme Court has long-held that when States and their officials acting in their official capacity are sued for money damages under 42 U.SC. 1983, the United States Supreme Court has held that they are not "persons" within the meaning of Section 1983 and therefore such claims must fail.   <u>Will v. Mich. Dept. of State Police</u>, 491 U.S. 58, 71 (1989).

Finally, "the correct statute of limitations for §§ 1981 and 1983 actions is the state statute of limitations for personal injury tort actions."  <u>Napier v. Thirty or More Unidentified Federal Agents, etc.</u>, 855 F.2d 1080, 1087 (3d Cir. 1988). Pennsylvania has a two-year statute of limitations for personal

injury tort actions, which begins to run on the date of injury.  Dubose v. Quinlan, 173 A.3d 634, 637 (Pa. 2017).

Under these well-established legal principles, Count II of the Amended Complaint fails.  The claim is wrought with vagueness and generality.  Plaintiff continues the quest to satisfy his pleading burden by still claiming that unspecified actors within the Caucus violated his First Amendment rights by taking unspecified, retaliatory action against him for his engagement in unspecified, constitutionally protected activities.  Such averments are wholly insufficient to state a claim under Section 1983.

First, as previously discussed by this Honorable Court, Plaintiff does not claim to have engaged in *any* specific activity protected by the First Amendment of the United States Constitution.  The Court's analysis of Plaintiff's Section 1983 under the original Complaint holds true for the Amended Complaint.  In its October 1, 2019 Memorandum, this Honorable Court astutely noted that Plaintiff "does not plead any activity that could be conceived as protected speech or activity under the First Amendment within two years of his firing.  He outlines a purported distain by Defendants for those following the Muslim faith prior to 2016, but even if those facts fell within the two-year statute of limitations, Plaintiff still provides insufficient facts to state a claim for relief."  The Amended Complaint remains deficient

in this regard as it merely re-asserts the same facts and allegations contained in the original Complaint.

Moreover, the Amended Complaint does not name a single individual, let alone any Defendant, who was *personally* involved in the acts that allegedly violated Plaintiff's rights.  Even if it had done so, Plaintiff still has not identified the specific retaliatory conduct he claims to have been undertaken because of his engagement in activity protected by the First Amendment.   As before, the vague, bald assertions which constitute Plaintiff's Section 1983 claims are insufficient to permit his claim to survive dismissal under Rule 12(b)(6).   Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009).

Lastly, pursuant to Will, *supra*., Plaintiff's Section 1983 Claim fails against the Caucus and all named individual Defendants in their official capacities because he seeks only money damages under this claim.  He does not claim in the Amended Complaint that any of the individual Defendants acted outside the scope of their employment with the Caucus while violating his constitutional rights.  Plaintiff also does not assert that any of these alleged incidents occurred within two years of the filing of the instant action.

As a result of the foregoing, Count II of Plaintiff's Amended Complaint must be dismissed in its entirety, with prejudice, for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

### C. COUNT III OF THE AMNEDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Count III of Plaintiff's Amended Complaint purports to set forth a cause of action against all Defendants under Section 1981.  This claim has already been dismissed by the Court, with prejudice.

In its October 1, 2019 Memorandum and Order, this Honorable Court dismissed Plaintiff's Section 1981 claim (stated in Count IV of the original Complaint) against all Defendants with prejudice.  Specifically, the Court stated that "the Caucus, a division of the Pennsylvania Legislature and Commonwealth of Pennsylvania, is a state actor, thus, Plaintiff cannot maintain a Section 1981 claim against it…Accordingly, Plaintiff also cannot pursue a Section 1981 claim against Jones, Dille, and Miskin in their individual or official capacities.  For these reasons, the court will grant the Defendants' motion to dismiss Count IV with prejudice." (Doc. 12, pp. 9-10).

The Plaintiff is therefore precluded from re-pleading the Section 1981 claim, because it has already been dismissed by the Court with prejudice.

Count III of the Amended Complaint should be dismissed with prejudice accordingly.

### D. COUNT IV OF THE AMNEDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Count IV of Plaintiff's Amended Complaint purports to state a cause of action for the intentional tort of false light against all Defendants.  The only factual basis of this claim, according to the Amended Complaint, is that Defendants allegedly placed him in a false light by having him escorted out of the Capitol after he was terminated from employment.  The Court has already considered the sufficiency of such assertions, and has held that they are inadequate to state a claim for relief under the tort of false light.

In its October 1, 2019 Memorandum, this Honorable Court observed that Plaintiff's assertions about being escorted from the Capital after his termination from employment are, by themselves, insufficient to sustain a claim for false light. (Doc. 12, p. 15). The Court reached its conclusion upon examining several pertinent cases, including Woodward v. ViroPharma, Inc., No. 3222 EDA 2011, 2013 WL 1485110, at *6 (Pa. Super. Ct. Apr. 3, 2013) ("False conclusions about what observers might think or assume about the circumstances of appellants' removal from ViroPharma's facility

are not equivalent to false light claims."); and <u>Smith v. Bell Atl. Network Servs., Inc.</u>, No. 94-1605, 1995 WL 389697, at *4 (E.D. Pa. June 28, 1995) (dismissing a false light claim in which the plaintiff alleged that she was escorted out of the building and the defendants did not publicize the "true reasons" for her demotion). (Doc. 12, p. 15).

After identifying the fatal flaw in Plaintiff's original false light claim, the Court granted Defendants' Motion to Dismiss *without* to afford Plaintiff the opportunity to plead some other factual basis for his claim of false light against the Defendants. <u>Id</u>.

Even though he was given this opportunity by the Court, Plaintiff has failed to muster even a single additional factual averment in support of his false light claim. Instead, he has simply re-asserted that "Defendants have placed Plaintiff in a false light by their having him escorted publicly out of the Capitol in a fashion that was highly offensive and done maliciously, with knowledge of what the reaction would be of those who witnessed it." (Doc. 14, ¶ 73). The Amended Complaint states no other facts in support of the false light claim.

As previously noted by this Honorable Court, the averments contained in the Amended Complaint are insufficient to state a claim for the tort of false light. Indeed, Plaintiff's "conclusions about what observers

might think or assume about the circumstances of" his removal from the Capital "are not equivalent to false light claims." *See, e.g.,* <u>Woodward</u> and <u>Smith</u>, *supra.*

As before, Plaintiff's false light claim, which is contained in Count IV of the Complaint should be dismissed in its entirety with prejudice for failure to state a claim upon which relief may be granted.

## V.   CONCLUSION

Defendants respectfully submit that dismissal of Plaintiff's Amended Complaint with prejudice is appropriate in this matter without further opportunity to amend. As to each claim previously dismissed, this Honorable Court explicitly outlined the deficiencies of those claims that warranted dismissal. It afforded Plaintiff the opportunity to correct those deficiencies by filing an Amended Complaint.

For his part, Plaintiff failed to cure those deficiencies and instead opted to re-plead his claims in a manner nearly identical to that which led them to be dismissed without prejudice. He essentially started with the original Complaint, deleted some of the claims that the Court dismissed with prejudice, and re-filed the document as the Amended Complaint. The Amended Complaint is so similar to the original pleading that it still includes the Section 1981 claim that was previously dismissed with prejudice. In

effect, Plaintiff has re-filed the exact portions of the original Complaint that were deemed deficient and apparently hopes that this time, they will pass muster.

At this stage, the Defendants respectfully submit that Plaintiff's actions in re-pleading all facts and surviving causes of action in a form nearly identical to the original Complaint demonstrate that further amendment of his claims is futile.

WHEREFORE, for the reasons set forth above and more fully in the Brief in Support of this Motion, Defendants respectfully request Plaintiff's Amended Complaint be dismissed in its entirety with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

Respectfully submitted,

**McNEES WALLACE & NURICK LLC**

By  /s/ Adam L. Santucci
     Adam L. Santucci
     PA ID No. 307058
     Micah T. Saul
     PA ID No. 307236
     100 Pine Street, P.O. Box 1166
     Harrisburg, PA  17108
     (717) 232-8000

Date:  November 11, 2019    *Attorneys for the Caucus and*
                                       *Named Individual Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KALIM A. BHATTI, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 1:18-cv-02178-JEJ |
| | : | |
| REPUBLICAN CAUCUS OF THE | : | |
| PENNSYLVANIA HOUSE OF | : | |
| REPRESENTATIVES, et. al. | : | |
| | : | |
| Defendants | : | JURY TRIAL DEMANDED |

## <u>CERTIFICATION OF COMPLIANCE</u>

The undersigned hereby certifies that the foregoing Brief in Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint complies with Local Rule 7.8.   Pursuant to Local Rule 7.8(b)(2), the foregoing brief contains 3,762 words, exclusive of the cover page, Table of Contents, and Table of Authorities.

Date: November 11, 2019          /s/ Adam L. Santucci
                                                 Adam L. Santucci