IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KALIM A. BHATTI, | : | Civil No. 18-cv-2178 |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| REPUBLICAN CAUCUS OF THE | : | |
| PENNSYLVANIA HOUSE OF | : | |
| REPRESENTATIVES, et al., | : | |
| | : | |
| **Defendants.** | : | Judge Sylvia H. Rambo |

# M E M O R A N D U M

Before the court is the motion to dismiss the amended complaint filed by the defendants the Republican Caucus of Pennsylvania House of Representatives ("the Caucus"), Jennifer L. Jones ("Jones"), John Dille ("Dille"), and Stephen Miskin ("Miskin"), each in their individual and official capacities (collectively, "individual Defendants"), for failure to state a claim upon which relief may be granted. (Doc. 15.) For the reasons set forth below, the motion will be granted in part.

## I. **BACKGROUND**

This action arises from Plaintiff Kalim A. Bhatti's ("Bhatti") claims that he was discriminated and retaliated against by his employer on the basis of his religion. The following facts are taken from Bhatti's amended complaint and are accepted as true for purposes of deciding Defendants' motion to dismiss.

1

Bhatti immigrated from Kenya to the United States as a child. (Doc. 14, ¶ 12) He grew up in Harrisburg and adheres to the Islamic faith. Bhatti was employed by the Caucus as a "Communications Specialist 1 – Photographer" from April 1998 until April 30, 2018. (*Id*. ¶ 14) Throughout his employment, Bhatti's immediate supervisor was Jones, the Photo Manager in the Multi-Media Department. Jones was supervised by Dille, the Video Department Supervisor, and Dille reported to Miskin, the Caucus Communications Supervisor. (*Id*. ¶¶ 15, 16.) The House Majority Leader supervised Miskin. (*Id*. ¶ 16)

Shortly after the September 11, 2001 attacks, Jones told Bhatti's colleagues that he was a terrorist and should be reported to the authorities because of his race and religion. (*Id*. ¶ 19.) Around 2008, the Caucus began expressing a preference for Christianity. For example, prior to voting on a resolution welcoming a Muslim faith leader to Harrisburg that year, a Republican caucus member caused an uproar by saying that Muslims do not recognize Jesus Christ as God, and by telling a state representative of the Jewish faith that he would counsel the representative to help find Jesus in his life in order to avoid the possibility of going to hell. (*Id*. ¶ 26.) Thereafter Miskin, who was then a spokesperson for the Republican House Minority leader, was reported as saying that the member "had been unfairly maligned, and that the Republican caucus is sticking by him." (*Id*.)

Until around 2013, Bhatti would pray at the Capitol during the workday alone in the laminator room or a utility closet. (*Id.* ¶ 21.) Dille would deliberately and periodically enter the room to interrupt him. (*Id.*) Beginning around 2013 and up until his termination, Bhatti would attend mosque each day during his lunch break, with his supervisors' knowledge, in order to pray. (*Id.*)

In 2016, Bhatti received a "Counseling Session Sheet" from the Caucus's human resources department that contained complaints about Bhatti arriving late to and missing assignments. (*Id.* ¶ 27.) Bhatti disagreed with the evaluation and prepared a point-by-point response, but it was not accepted. (*Id.*) In June 2017, Bhatti requested to use vacation time for around an hour during the day so that he could attend a freelance assignment. (*Id.* ¶ 18.) After Dille denied the request, Bhatti pointed out that "several" of his colleagues were nevertheless allowed to "regularly" leave work for freelance assignments, and that the rule "should apply to everyone." (*Id.*)

In early Feburay 2018, Bhatti's supervisors expressed their displeasure after he left work to attend mosque. (*Id.* ¶ 31.) Having missed his mid-day prayer after working through his lunch break, Bhatti had a colleague cover his final assignment. (*Id.*) Later in the month, Bhatti received a negative performance evaluation after he made repeated requests for a salary increase. (*Id.* ¶ 30.)

In April 2018, Bhatti received another negative evaluation. (*Id*. ¶ 32.) While the evaluation recognized that Bhatti was knowledgeable in all aspects of his job, it leveled conclusory criticisms such as a lack of "professionalism" and "management skills," as well as a general failure to live up to his performance from years past. (*Id*.) The evaluation did not jive with Bhatti's experience and the real-time feedback he received during the course of his work, most or all of which was positive. (*Id*.) The evaluation was signed by Dille. (*Id*.) Bhatti refused to sign it out of protest. (*Id*.)

On April 30, 2018, Bhatti was summoned to the Caucus's human resources department, terminated, and escorted from the Capital. (*Id*. ¶¶ 34-36.) On August 9, 2018, Bhatti filed a charge with the Equal Employment Opportunity Commission. (*Id*. ¶ 45.) Five days later, he received a right to sue letter. (*Id*. ¶ 46.)

On November 9, 2018, Bhatti commenced this action against the Defendants asserting discrimination claims, including retaliation and hostile work environment theories, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 ("Title VII"); post-employment retaliation in violation of Title VII; retaliation for exercising his First Amendment rights in violation of 42 U.S.C. § 1983 ("Section 1983"); discrimination in violation of 42 U.S.C. § 1981 ("Section 1981"); civil conspiracy; wrongful discharge; false light; and negligent supervision. (Doc. 1.)

The Defendants subsequently moved to dismiss the complaint for, among other things, failure to state a claim upon which relief may be granted. By

4

memorandum and order dated October 1, 2019, the court granted the motion in part and dismissed without prejudice Bhatti's claims for false light, negligent supervision, and Section 1983 retaliation. (Docs. 12-13.) The court dismissed with prejudice Bhatti's claims for wrongful discharge, civil conspiracy; discrimination in violation of Section 1981, and post-employment retaliation. The court did not dismiss Bhatti's Title VII discrimination claims except to the extent they sought to recover for acts that were time barred.

Bhatti timely filed an amended complaint. (Doc. 14.) In addition to Bhatti's Title VII discrimination claims that survived in the original complaint (Count I), the amended complaint asserts claims for First Amendment retaliation under Section 1983 (Count II); discrimination in violation of Section 1981 (Count III); and false light (Count IV). The Defendants moved to dismiss the amended complaint for failure to state a claim. (Doc. 15.) The motion has been fully briefed and is ripe for disposition. (Docs. 16, 17.)

## II.   **STANDARD OF REVIEW**

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). In reviewing a 12(b)(6) motion, the court must "accept as true all well-pled factual

allegations in the complaint and all reasonable inferences that can be drawn from them." *Taksir v. Vanguard Grp.*, 903 F.3d 95, 96–97 (3d Cir. 2018) (citation omitted). The facts alleged must be "construed in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010) (internal quotations, brackets, and ellipses omitted). The court need not, however, draw unreasonable inferences from the facts. 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004).

The Third Circuit has detailed a three-step process to determine whether a complaint meets the pleading standard. *Bistrian v. Levi*, 696 F.3d 352 (3d Cir. 2012). First, the court outlines the elements a plaintiff must plead to state a claim for relief. Id. at 365. Second, the court must "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth." *Id.* Third, the court "look[s] for well-pled factual allegations, assume[s] their veracity, and then 'determine[s] whether they plausibly give rise to an entitlement to relief.' " *Id.* (quoting *Iqbal*, 556 U.S. at 679). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.   **DISCUSSION**

### a.   **The amended complaint fails to state retaliation and hostile work environment claims under Title VII.**

Count I alleges various claims under Title VII against the Caucus including disparate treatment discrimination, retaliation, and hostile work environment. The

common thread running through each claim is that Bhatti was discriminated against based on his religion, and retaliated against for complaining about that discrimination, which culminated in his termination. The Caucus moves to dismiss each claim as inadequately pled.

As an initial matter however, Bhatti argues that Caucus should not be permitted to move to dismiss Count I for failure to state a claim. As Bhatti points out, the Caucus already moved to dismiss Bhatti's Title VII claims in the original complaint for failure to state a claim, but only to the extent that they relied upon allegations that occurred before October 13, 2017—300 days prior to Bhatti's EEOC charge—which are time barred. (Doc. 12, p. 5 n.1) By granting that motion, the court dismissed Bhatti's Title VII claims insofar as he sought recovery for events that occurred before that date. According to Bhatti, the Caucus should therefore now be estopped from moving to dismiss the entirety of his Title VII claims for failure to state a claim.

It is true that Federal Rule of Civil Procedure 12(g)(2) generally prohibits a party from "raising a defense or objection that was available to the party but omitted from its earlier motion." FED. R. CIV. P. 12(g)(2); *see Leyse v. Bank of Am. Nat. Ass'n*, 804 F.3d 316, 320 (3d Cir. 2015). Nevertheless, where an amended complaint contains new factual allegations in support of a claim, Rule(g)(2) does not apply and the defendant may raise new defenses and objections to that claim. *See McSparran*

*v. Pennsylvania*, No. 1:13-CV-1932, 2014 WL 1371594, at *12 (M.D. Pa. Apr. 8, 2014) ("Rule 12(g)(2) does not apply here because Plaintiff's Amended Complaint contains new factual averments that Defendants are entitled to challenge by another Rule 12(b)(6) motion.") (citing *Negron v. Sch. Dist. of Phila.*, 994 F. Supp. 2d 663, 666–67 (E.D. Pa. 2014) ("[B]ecause Negron's amended complaint supplements the factual allegations regarding the CHRIA claim, the School District is not barred from raising new defenses and objections to that claim."); *Kroger Co. v. New Enter. Stone & Lime Co.*, No. 17-CV-01541, 2018 WL 4615955, at *2 n.12 (E.D. Pa. Sept. 25, 2018) ("[W]hen a plaintiff's amended complaint contains new factual averments, Rule 12(g)(2) does not apply.") (citing *Negron*). In this case, Rule 12(g)(2) does not prevent the Caucus from raising new arguments because the amended complaint contains additional fact allegations in support of Bhatti's Title VII claims. (*See* Doc. 14, ¶ 18 (alleging an "incident of discrimination" not averred in the original complaint involving Bhatti's complaints about unfair treatment).) The court will therefore consider the Caucus's arguments for dismissing this count.

i. *The amended complaint states a discrimination claim.*

Count I asserts a claim against the Caucus under Title VII for disparate treatment discrimination based on religion. To state a claim a Title VII discrimination claim, a plaintiff must allege that: (1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse

employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see Abramson v. William Paterson Coll. of New Jersey*, 260 F.3d 265, 281 (3d Cir. 2001); *Middleton v. Deblasis*, 844 F. Supp. 2d 556, 568 (E.D. Pa. 2011).

Here, the Caucus moves to dismiss Bhatti's discrimination claim and argues that the amended complaint fails to allege that the Caucus took any alleged action that was based on a protected trait. The court disagrees. As noted above, the amended complaint avers that Bhatti was terminated due to intentional religious discrimination. (*See e.g.,* Doc. 14, ¶ 19.) There is no dispute that Bhatti's termination fell within the applicable statute of limitations period and 300-day rule. Moreover, contrary to the Caucus's arguments, and considering the amended complaint in its totality, Bhatti sets forth sufficient facts that his termination occurred under circumstances giving rise to an inference of discrimination. Bhatti alleges that shortly before his termination, his superiors expressed displeasure that he left work to pray, despite the fact that he missed his regular prayer time because he worked through lunch and had a coworker cover for him. Bhatti also claims that mere months before his termination, he received a pre-textual evaluation with conclusory complaints such as a general lack of "professionalism" and failure to live up to his past job performance. According to Bhatti, this was the first time he heard of such

9

complaints, and he had never once received any criticism during the course of his work. Bhatti also alleges that the Caucus avoided hiring individuals of Islamic faith; he was the "only Muslim" employee from a workforce of around 600. Finally, Bhatti avers various acts of overt discrimination and religious intolerance like his supervisors calling him a terrorist and deliberately interrupting his in-office prayers. While those explicit acts occurred outside the statute of limitations and are not themselves actionable, they may nevertheless be considered as "background evidence in support" of Bhatti's timely claim that his "eventual termination constituted unlawful discrimination under Title VII." *Titus-Morris v. Banc of Am. Card Servicing Corp.*, 512 F. App'x 213, 217 (3d Cir. 2013). Doing just that—assessing Bhatti's alleged unfair treatment around the time of his termination against the backdrop of his untimely allegations of religious intolerance and discrimination—Bhatti sufficiently alleges that his termination occurred under circumstances giving rise to an inference of discrimination. The amended complaint thus adequately pleads a Title VII discrimination claim.

ii.   *The amended complaint fails to state a retaliation claim.*

Count I also asserts a claim against the Caucus for retaliation under Title VII. To state a clam for retaliation under Title VII, the plaintiff must allege that he engaged in a protected activity under Title VII; that his employer took an adverse action against him; and that there was a causal connection between the protected

activity and the adverse employment action. *Bishop v. United States Dep't of Agric.*, 725 F. App'x 165, 167 (3d Cir. 2018) (citing *Moore v. City of Philadelphia*, 461 F.3d 331, 340–41 (3d Cir. 2006)). Title VII protects an employee's right to complain about unlawful discrimination. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 322 (3d Cir. 2008).

Here, the Caucus correctly argues that amended complaint fails to state retaliation claim because it merely alleges that Bhatti complained about unfair treatment rather than unlawful discrimination. Bhatti's allegation that he was forbidden from using vacation time to do freelance side work, and that he subsequently told his boss that any such policy should be fairly applied, does not suffice. The quotations contained in the amended complaint show that in making that complaint, Bhatti merely stressed the need for evenhanded policies; he did not implicitly or explicitly complain about unlawful discrimination based on religion or another protected trait. (*See* Doc. 14, ¶ 18.) Accordingly, Bhatti's Title VII retaliation claim will be dismissed without prejudice. *See Curay-Cramer v. Ursuline Acad. of Wilmington, Delaware, Inc.*, 450 F.3d 130, 135 (3d Cir. 2006) ("The letter, which stated that the plaintiff felt that the position was given to a less qualified person, was too vague to constitute opposition to an unlawful employment practice of his employer because it neither 'explicitly or implicitly' alleged that a protected characteristic was the basis for the adverse employment action."); *Darby v. Temple*

*Univ.*, 216 F. Supp. 3d 535, 543 (E.D. Pa. 2016) (dismissing Title VII retaliation claim for failure to state a claim where the plaintiff did not allege that his complaint to his employer "was actually a complaint about religious discrimination").

iii. *The amended complaint fails to state a hostile work environment claim.*

Count I also asserts a claim against the Caucus for hostile work environment under Title VII. To state a claim for hostile work environment, a plaintiff must allege that (1) he suffered intentional discrimination because of a protected trait; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected the plaintiff and would affect a reasonable person in similar circumstances; and (4) the existence of *respondeat superior* liability. *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013). In determining whether a work environment is hostile, courts consider the totality of the circumstances including the frequency of the discriminatory conduct; its severity; whether it was physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonable interefered with the plaintiff's work performance. *Id.*

Here, the Caucus correctly argues that the amended complaint fails to allege that Bhatti was subjected to severe or pervasive discrimination after October 13, 2017 so to constitute an abusive or hostile work environment. As discussed above, the explicit discriminatory acts alleged in the amended complaint occurred outside the statute of limitations; those events therefore cannot support Bhatti's claim that

12

his work environment was hostile or abusive. *See e.g.*, *Titus-Morris*, 512 F. App'x at 217. With respect to his timely allegations, Bhatti does not allege that he was disparaged or threatened or ridiculed because of his religion. Nor does he claim that he heard any derogatory comments or that the Defendants unreasonably interfered with his work performance due to his religion. *See Castleberry v. STI Grp.*, 863 F.3d 259, 264 (3d Cir. 2017). Bhatti's hostile work environment claim will therefore be dismissed without prejudice.

### b. The amended complaint states a Section 1983 claim.

Count II asserts a claim against the Defendants for First Amendment retaliation under Section 1983. To state a claim for retaliation under the First Amendment, the plaintiff must allege facts showing that he engaged in activity that is protected by the First Amendment, and that the protected activity was a substantial factor in the adverse employment action. *Gorum v. Sessoms*, 561 F.3d 179, 184 (3d Cir. 2009); *Hill v. Borough of Kutztown*, 455 F.3d 225, 241 (3d Cir. 2006). Section 1983 First Amendment retaliation claims are governed by Pennsylvania's two-year statute of limitations for personal injury actions. *Roseberry v. City of Phila.*, No. 14-CV-2814, 2016 WL 826825, at *7 (E.D. Pa. Mar. 3, 2016), *aff'd*, 716 F. App'x 89 (3d Cir. 2017).

The court previously dismissed Bhatti's Section 1983 claim, as asserted in the original complaint, without prejudice because it did not plead timely speech or

activity that was protected under the First Amendment. (Doc. 12, p. 8.) The Defendants now move to dismiss Count II of the amended complaint on primarily the same basis. (Doc. 16, p. 16.) The amended complaint adds the allegation, discussed above, that around three months before Bhatti's termination, his supervisors were upset when he left work to attend mosque, despite that fact that he missed his regular prayer time by working through lunch and ensured that a colleague was covering for him.

This allegation, together with its surrounding paragraphs, is sufficient to push Count II over the line. The exercise of religion is an activity protected by the First Amendment. Further, while the Defendants do not expressly raise the issue, the court finds that the amended complaint sufficiently pleads that Bhatti's religious activity was a substantial factor in his termination. Causation may be proved "in various ways," including by showing an "unusually suggestive temporal proximity between the protected activity and the adverse employment action," or "a pattern of antagonistic conduct subsequent to the protected conduct." *Schlegel v. Koteski*, 307 F. App'x 657, 661–62 (3d Cir. 2009) (citing *Doe v. C.A.R.S. Protection Plus, Inc.,* 527 F.3d 358, 369 (3d Cir. 2008)). Alternatively, a plaintiff may "seek to prove causation by pointing to the record as a whole for evidence that suggests causation." *Id.* (citing *Farrell v. Planters Lifesavers Co.,* 206 F.3d 271, 281 (3d Cir. 2000)).

Similar to Bhatti's discrimination claim, facts supporting a causal link between Bhatti's religious activity and his termination include Bhatti's claims that he was the only Muslim of 600 employees; that he received a pretextual and conclusory evaluation shortly before his termination that did not jive with his supervisors' real-time feedback; that one of his supervisors had a history of deliberately interrupting his prayer activities; that another of his supervisors previously called him a terrorist; that he received a negative evaluation shortly after beginning his prayer routine; and that the Caucus had a history of expressing a preference for Christianity. Though the most egregious of these allegations fell outside the two-year statute of limitations, in assessing causation the court may review "the broader record" and is not limted to events occurring within the limitations period. *Id.* at 662. Considering Bhatti's allegations together, the amended complaint states a First Amendment retaliation claim.[1]

### c. The amended complaint fails to state a Section 1981 Claim.

Count III asserts a Section 1981 claim against all the Defendants. The court already dismissed this claim, which was pled as Count IV in the original complaint,

---

[1] The Defendants' argument that Count II should be dismissed because Bhatti seeks money damages is also unpersuasive. Bhatti is suing the individual Defendants in their personal capacities, so money damages are permissible. *Melo v. Hafer*, 912 F.2d 628, 636 (3d Cir. 1990), *aff'd*, 502 U.S. 21 (1991). He also seeks prospective injunctive relief, which may be recovered in Section 1983 actions against the state and its agents. (*See* Doc. 14, p. 21.) Also unavailing is the individual Defendants' argument that Bhatti fails to allege their personal involvement in his termination. Viewing the amended complaint as a whole, Bhatti alleges that the individual Defendants exercised sufficiently close control over his employment to permit a plausible inference that they were directly involved in, or had knowledge of and acquiesced to, his termination. (*See id.* ¶¶ 10, 14, 16, 21-24, 31-32.)

with prejudice. (Doc. 12, p. 10.) Therefore, Count III will be dismissed with prejudice.

### d. The amended complaint fails to state a false light claim.

Count IV of the amended complaint asserts a claim for false light. "Pennsylvania has adopted the definition of false light invasion of privacy from the Restatement (Second) of Torts, which imposes liability on a person who publishes material that 'is not true, is highly offensive to a reasonable person, and is publicized with knowledge or in reckless disregard of its falsity.'" *Graboff v. Colleran Firm*, 744 F.3d 128, 136 (3d Cir. 2014) (quoting *Larsen v. Phila. Newspapers, Inc.*, 375 Pa.Super. 66, 543 A.2d 1181, 1188 (1988) (en banc)); *see* Restatement (Second) of Torts § 652E.

Here, as in the original complaint, Bhatti alleges that the defendants committed false light by having him "escorted publicly out of the Capitol in a fashion that was highly offensive and done maliciously, with knowledge of what the reaction would be of those who witnessed it." (Doc 14, ¶ 73.) However, as this court already held in dismissing the original complaint, being escorted from an employer's premises in the presence of others is alone insufficient to sustain a claim for false light. (Doc 12., p. 15.)

The amended complaint's one additional factual allegation in support of its false light claim—that Bhatti was told that "a lot of people were upset" after he

missed one his assignments because he left work, without telling his supervisors, in order to attend mosque—does not cure this deficiency. Even with this allegation, the sole basis of Bhatti's false light claim continues to be his physical removal from the Capital in the presence of others, and the potential false conclusions those observers might have drawn. As courts have consistently held, this is insufficient to sustain a false light claim. *See Byars v. Sch. Dist. of Phila.*, 942 F. Supp. 2d 552, 568 (E.D. Pa. 2013) (dismissing false light claim for failure to state a claim where the plaintiff alleged that he was "escorted out of the building in the presence of others"); *Woodward v. ViroPharma Inc.*, No. 3222 EDA 2011, 2013 WL 1485110, at *6 (Pa. Super. Ct. Apr. 3, 2013) ("False conclusions about what observers might think or assume about the circumstances of appellants' removal from ViroPharma's facility are not equivalent to false light claims."); *see also Smith v. Bell Atl. Network Servs., Inc.*, No. 94-1605, 1995 WL 389697, at *4 (E.D. Pa. June 28, 1995) (dismissing false light claim where the plaintiff claimed that she was escorted out of the building and the defendants did not publicize the "true reasons" for her demotion). The amended complaint thus fails to state a false light claim. Upon careful review of the amended complaint and having already afforded Bhatti an opportunity to amend, the court finds that further amendment would be futile. Count IV will be dismissed with prejudice.

## IV.   <u>**CONCLUSION**</u>

For the reasons set forth above, the Defendants' motion to dismiss the amended complaint will be granted insofar as the court will dismiss with prejudice Bhatti's false light and Section 1981 claims and dismiss without prejudice Bhatti's claims for hostile work environment and retaliation under Title VII. The motion is denied on all other bases.  An appropriate order shall follow.



*/s/ Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge


Dated: June 22, 2020

18